IVORY MITCHELL, Plaintiff-Appellee, *v.* FRITZ SILBERMAN REALTY CORPORATION *et al.,* Defendants-Appellants.

(No. 74-114; ▮▮▮▮▮)

Fifth District—March 21, 1975.

Weihl & Millard, of Belleville (Donald E. Weihl, of counsel), for appellants.

George Parker, of Land of Lincoln Legal Assistance Foundation, Inc., of East St. Louis, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff filed suit in the Circuit Court of St. Clair County claiming damages measured by the market value of a house and lot. A jury trial resulted in a verdict of $4400 against Fritz Silberman Realty Corporation and $1100 against the St. Louis Southwestern Railway. Both defendants appealed, but the railway subsequently paid the judgment against it and its appeal was dismissed.

Defendant Silberman Realty claims it is entitled to a new trial because the case was tried under an incorrect theory of the law and because the verdict is excessive.

A review of the facts is necessary in order to understand the issues. Plaintiff bought the lot under a contract for deed in 1958. Shortly thereafter plaintiff built a house on the lot, and he has resided there since. In 1968 the vendor deeded its interest to Silberman Realty, and at that time Silberman Realty had knowledge of plaintiff's rights in the property. The railway, being desirous of buying this lot and adjacent land in the area for a railway yard, approached Silberman Realty about obtaining

the land. Silberman Realty then, on February 11, 1969, made a demand on plaintiff for strict compliance with the contract and payment of the balance due of $180.38 within 30 days. Plaintiff claims that later that month he made a tender of the balance due at the realty company office which was refused; that he was then told that the railway company would settle with him and he would get another notice from Silberman Realty which he could disregard. Defendant Silberman Realty presented evidence to prove that the tender and the statement were not made; however, based on the verdict the jury believed the plaintiff. On February 28, 1969, Silberman Realty deeded its interest to the railway. On March 11, 1969, Silberman Realty served a notice of forfeiture on plaintiff, which plaintiff disregarded relying on his previous conversation at the realty office. Later the railway served plaintiff with a notice to vacate, but took no further action and plaintiff continued to reside in the house. Plaintiff contacted the railway to reach a settlement and was told that the railway had a deed and he had no interest in the property.

Plaintiff contends that the actions of Silberman Realty constitute a breach of the contract and he is thus entitled to the market value of the property. Silberman Realty contends that plaintiff still owns the property and thus is not entitled to the market value but only to nominal damages.

■■ At this stage, the case having been tried and a verdict returned by the jury in favor of the plaintiff, the verdict controls, unless we find some defect in the law or evidence sufficient to require setting aside the verdict.

Appellant Silberman Realty here complains that the case was tried on an incorrect theory of the law.

A review of the record shows that counsel for plaintiff in his opening statement asked for the market value of the property at the time it was sold to the railway. He repeated this in his closing argument. No objections were made to either his opening statement or his closing argument.

The attorney for Silberman Realty in his opening statement mentioned that depositions had been taken so the attorneys had some idea as to what the testimony would be. His main contention was that the contract had been forfeited so the plaintiff was not entitled to anything. This was also his main contention on final argument. However, Fritz Silberman, the only witness called on behalf of defendant, Silberman Realty, testified on direct examination as to the market value of the property at the time of the deed to railway. Plaintiff's Instruction number three sets forth the elements of proof summarized as follows: (1) offer to pay by plaintiff; (2) refusal to accept; (3) transfer of interest by Silberman Realty; (4) reliance by plaintiff on statements by Silberman Realty to his detriment; and (5) plaintiff has been injured "in that he has received no

compensation equal to his interest in the property at 3907 Russell as of February 28, 1969." Plaintiff's Instruction number four reads as follows:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for the following element of damage proved by the evidence to have resulted from the wrongful conduct of the defendants:

The fair market value of the plaintiff's interest in the property as of February 28, 1969.

Whether this element of damage has [sic] proved by the evidence is for you to determine."

The record shows that a conference on instructions was held, but it was not recorded. Thus all instructions were given without objection of record. Assuming *arguendo* that the case was tried on an incorrect theory, we find that defendant Silberman Realty under the circumstances here shown is now estopped to raise such an objection.

■■  As regards the factual basis for the verdict, the jury could have found from the evidence that defendant, Silberman Realty, after making a demand for strict compliance with the contract, refused a valid tender of payment and thereafter voluntarily terminated its ability to comply with the contract. We conclude there is no basis to set aside the finding against Silberman Realty.

■■  A further question was raised as to the amount of the verdict. An expert witness for the plaintiff testified that the property was worth $4000 in January 1972. This witness explained in detail his basis for making the appraisal. His qualifications as an expert were not seriously challenged, and no objection to his testimony or appraisal was made of record. The evidence shows that the railway paid Silberman Realty $2870 for a special (*i.e.*, limited) warranty deed. Plaintiff testified that he contracted to purchase the lot for $559 and spent $2000 plus unspecified additional amounts from his paycheck on construction of the house. Fritz Silberman of Silberman Realty valued the property at $750. He also testified that he sold 62 lots, which included this one, to the railway for a total of $82,500. Since most of these 62 lots were unimproved, his valuation on this lot is far out of line with all the other valuation evidence. His interest in the case is apparent; thus, under all the circumstances, the jury could reasonably have disregarded Silberman's testimony as to the valuation of this lot.

■■  While we do not find the verdict so excessive as to show passion and prejudice, based on all the evidence, we find that the total damages should be reduced to $4000. Since plaintiff owed $180.38 on the contract

and has now received $1100 payment from the railway, we remand the case to the Circuit Court of St. Clair County to enter a remittitur of $1680.38, or in the alternative, if plaintiff fails to agree to the remittitur, to order a new trial.

Reversed and remanded with directions.

G. MORAN, P. J., and CARTER, J., concur.